RAFAEL RAMOS COBIÁN, demandante y recurrente, *v.* SECRETARIO DE HACIENDA, demandado y recurrido.

*Números:* 12501, 12502. *Resueltos:* 25 de abril de 1962.

*Víctor Gutiérrez Franqui, Luis F. Sánchez Vilella, C. Morales, Jr., Federico Ramírez Ros* y *Juan E. Serrallés III,* abogados del recurrente; *Hiram R. Cancio,* Secretario de Justicia, *Arturo Estrella,* Secretario Auxiliar y *Luis F. Candal,* abogado del Departamento de Justicia, abogados del recurrido.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Rigau.

PER CURIAM: La única cuestión a resolver en estos recursos es si el espectáculo que presentó el recurrente en varios parques de la Isla es un "espectáculo artístico" exento de impuestos por el artículo 41(c) de la Ley de Impuestos Sobre Artículos de Uso y Consumo de Puerto Rico, de 20 de enero de 1956. ■

El referido espectáculo consistió en la presentación de un juego de baloncesto entre el equipo conocido con el nombre de "Harlem Globetrotters" y otro equipo, que se desarrollaba en forma cómica, por los trucos que ponían en práctica los hábiles jugadores de los Globetrotters, y además en la presentación de balanceadores, maromeros, malabaristas, jugadores de "Ping pong" y batuteros.

El artículo 41(a) de la Ley de Impuestos Sobre Artículos de Uso y Consumo de Puerto Rico (13 LPRA, Sec. 4041) dispone:

"(a) Espectáculos Gravados. Estarán sujetos al impuesto sobre espectáculos públicos, al tipo prescrito en el Artículo 11, los derechos de admisión a cualquier espectáculo público, incluyendo bailes, excepto según se dispone en el apartado (c) subsiguiente:

"(c) Espectáculos no Gravados. El impuesto sobre espectáculos no será aplicable a:

"(1) los espectáculos públicos de la Universidad de Puerto Rico y las otras instituciones de nivel universitario reconocidas de acuerdo con las leyes de Puerto Rico;

"(2) los espectáculos públicos celebrados por sociedades, asociaciones y agrupaciones de fines no pecuniarios, con más de 10 años de existencia, organizadas con el único propósito de fomentar la literatura y las bellas artes; y

"(3) los espectáculos teatrales o artísticos que consistan únicamente en la actuación de artistas en persona."

Convenimos con el tribunal sentenciador en que los espectáculos presentados por el recurrente eran "exhibiciones de comicidad, destreza y agilidad" dados por baloncelistas, paya-

sos, equilibristas, malabaristas, etc., y como tal no podían considerarse espectáculos artísticos dentro del significado que este término tiene en la citada ley. ■

El propósito evidente de la legislatura fue el de estimular las actividades culturales en el país, eximiendo de tributo a los espectáculos públicos presentados por las instituciones de nivel universitario reconocidas por nuestras leyes, los celebrados por sociedades, agrupaciones y asociaciones de fines no pecuniarios, con más de 10 años de existencia, organizadas con el único propósito de fomentar la literatura y bellas artes y finalmente los espectáculos teatrales y artísticos. Estos espectáculos artísticos son aquéllos, que, congruente con la intención legislativa, tienden a fomentar la cultura del país, —desarrollo de la literatura o las bellas artes.

En relación con la aprobación de la citada Ley de Impuestos, leemos del Diario de Sesiones de la Asamblea Legislativa, sesión del 6 de diciembre de 1955, Volumen VII, Fascículo 41, página 567:

"Las disposiciones sobre espectáculos públicos fueron modificadas para fortalecer la exención de arbitrios que se concede a los espectáculos ofrecidos por la Universidad de Puerto Rico, y por sociedades, asociaciones y organizaciones dedicadas a fomentar la literatura y las bellas artes. Hemos creído que es conveniente y deseable estímulo a la actividad cultural el fomentar, mediante la liberación de carga contributiva, los espectáculos artísticos ofrecidos por artistas en persona cuando no formen parte de una exhibición cinematográfica o de otra índole."

Concluímos que el espectáculo presentado por el recurrente no está exento del pago de tributo y que al así resolverlo, no incurrió en error el tribunal sentenciador.

*Se confirmarán las sentencias de dicho Tribunal.*